Opp to NIN **THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN VASSAR, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and NORTHWESTERN UNIVERSITY, <br><br> Defendants. | Case No: 1:16-CV-10590 <br><br> Judge Andrea Wood <br><br> Magistrate Judge Michael T. Mason <br><br> Jury Trial Demanded |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO NORTHWESTERN UNIVERSITY'S MOTION TO STRIKE ALLEGATIONS REGARDING SETTLEMENT DISCUSSIONS FROM PLAINTIFF'S COMPLAINT**

- 1 -

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. THE MOTION SHOULD BE DENIED ................................................................... 2

    A. Rule 408 is an Evidentiary Rule that Does Not Apply at the Pleading Stage ................................................................................................. 2

    B. Even if Rule 408 Could be Considered at the Pleading Stage, the Allegations Challenged by Northwestern are Admissible for Purposes other Than to "Prove or Disprove the Validity or Amount of a Disputed Claim," as Required by Rule 408 ....................................... 3

        1. The allegations in paragraphs 5(d) and 50 through 56 of the Complaint are not offered to prove that Northwestern is liable but instead are offered to show that Northwestern unlawfully offered to pay Johnnie cash to go away and falsely accused him of fraud, as allowed by Rule 408. ............................ 4

        2. The allegation in paragraph 42 n.8 was not made as part of a settlement discussion and is not offered to prove liability. ..................... 6

    C. Northwestern Does Not Show That it Would be Unduly Prejudiced if This Court Denied the Motion to Strike and Resolved Any Rule 408 Issues if and When Plaintiff Seeks to Admit Any of the Challenged Matters Into Evidence .......................................................... 7

III. CONCLUSION .......................................................................................................... 8

010542-13 936987V1

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aamco Transmissions, Inc. v. Trovato*,
　2011 U.S. Dist. LEXIS 111943 (S.D. Cal. Sept. 28, 2011) ......................................................6

*Bishops Bay Founders Grp., Inc. v. Bishops Bay Apartments, LLC*,
　301 F. Supp. 2d 901 (W.D. Wis. 2003) ...................................................................................3

*Bruno v. Sonalysts, Inc.*,
　2004 U.S. Dist. LEXIS 23848 (D. Conn. Nov. 23, 2004) .........................................................6

*BTG Int'l Inc. v. Bioactive Labs.*,
　2016 U.S. Dist. LEXIS 83525 (E.D. Pa. June 28, 2016) ..........................................................2

*Cromeens, Holloman, Siber, Inc. v. AB Volvo*,
　349 F.3d 376 (7th Cir. 2003) ....................................................................................................6

*Dunlap v. Sims*,
　2015 U.S. Dist. LEXIS 129675 (N.D. Ill. Sept. 28, 2015) .......................................................7

*Hamilton v. Water Whole Int'l Corp.*,
　302 Fed. App'x 789 (10th Cir. 2008) .......................................................................................6

*Horse Soldier, LLC v. Tharpe*,
　2014 U.S. Dist. LEXIS 148436 (M.D. Pa. Oct. 17, 2014) .......................................................3

*Jordan v. Comcast Cable Communs. Mgmt., LLC*,
　2015 U.S. Dist. LEXIS 89326 (N.D. Ga. July 9, 2015)............................................................2

*Middleton-Cross Plains Area Sch. Dist. v. FieldTurf USA, Inc.*,
　2016 U.S. Dist. LEXIS 150251 (W.D. Wis. Oct. 31, 2016) .....................................................2

*Pridgeon v. Pegram*,
　2014 U.S. Dist. LEXIS 65617 (W.D.N.C. May 13, 2014) .......................................................3

*PTR, Inc. v. Forsythe Racing, Inc.*,
　2009 U.S. Dist. LEXIS 48090 (N.D. Ill. June 9, 2009) ............................................................2

*Rodriguez-Garcia v. Municipality of Caguas*,
　495 F.3d 1 (1st Cir. 2007)..........................................................................................................7

*Uforma/Shelby Bus. Forms, Inc. v. NLRB*,
　111 F.3d 1284 (6th Cir. 1997) ..................................................................................................5

*Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*,
 2015 U.S. Dist. LEXIS 52528 (N.D. Ind. Apr. 22, 2015) .......................................................3

*Venegas v. Aerotek, Inc.*,
 171 F. Supp. 3d 765, 769 ......................................................................................................7

*Voyles v. Sandia Mortg. Corp.*,
 196 Ill. 2d 288 (2001) ...........................................................................................................6

*Zurich Am. Ins. Co. v. Watts Indus.*,
 417 F.3d 682 (7th Cir. 2005) .............................................................................................3, 5

## OTHER AUTHORITIES

Fed. R. Evid. 408 ............................................................................................................... *passim*

010542-13 936987V1

I.     INTRODUCTION

Plaintiff John "Johnnie" Vassar, a National Collegiate Athletic Association ("NCAA") men's basketball player who joined Northwestern University starting with the 2014-15 academic year and basketball season alleges that Northwestern University unlawfully and fraudulently cancelled his scholarship.[1]  Northwestern now moves, based on Fed. R. Evid. 408, to "strike the allegations in Plaintiff's Complaint that disclose the details of settlement discussions and negotiations between Plaintiff and Northwestern, including but not limited to Paragraphs 5, 42 n.8, 50-56 and 60 of the Complaint."[2]  For three independent reasons, there is no merit to Northwestern's request.

*First*, the motion should be denied because Rule 408 is an evidentiary rule, which should be addressed in context of admissibility of evidence at trial, not at the pleading stage.  *Second*, Northwestern fails to establish, as a matter of law at the pleading stage, that the allegations at issue are not admissible for purposes other than to "prove or disprove the validity or amount of a disputed claim," as required by Rule 408.  In particular, Northwestern does not even address the clear statement in the Complaint that the allegations at issue show that Northwestern unlawfully tried to "make [Plaintiff] go away for cash" and falsely "accuse[d] him of fraud in an effort to terminate his athletic scholarship."  Complaint, ¶ IV(D), at 16 (initial capital letters changed to small letters). Johnnie does not allege that the amount of cash offered establishes his damages or the value of his claim, which is barred by Rule 408. *Third*, Northwestern fails to establish that it

---

[1] Plaintiff sets forth his claims in more detail in his Opposition to Northwestern's motion to dismiss and the NCAA's motion to dismiss, and won't burden the Court by repeating those details in this Opposition.

[2] Northwestern's request that this Court strike paragraphs "including but not limited to" certain paragraphs that it specifies is unfairly vague.  This Court should not consider striking any allegations other than the specific paragraphs identified by Northwestern.

- 1 -

would be unduly prejudiced if this Court denied the motion to strike and resolved Northwestern's evidentiary objections if and when Plaintiff seeks to introduce the challenged material into evidence.

For all these reasons, this Court should deny the motion to strike in its entirety.

## II. THE MOTION SHOULD BE DENIED

### A. Rule 408 is an Evidentiary Rule that Does Not Apply at the Pleading Stage

Rule 408 is an evidentiary rule, not a pleading rule. As Rule 408(2) states, "*Evidence* of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: … (2) conduct or a statement made during compromise negotiations about the claim…." As a result, most courts hold that Rule 408 does not apply at the pleading stage but instead should be considered only when a party seeks to introduce evidence on summary judgment or at trial. For example, in *PTR, Inc. v. Forsythe Racing, Inc*., 2009 U.S. Dist. LEXIS 48090 (N.D. Ill. June 9, 2009), the court denied the defendants' motion to strike allegations in the complaint under Rule 408. As the court explained, "Defendants' contention is premature. Rule 408 is an evidentiary rule, which is best addressed in context of admissibility of evidence at trial…. Defendants' motion to strike is denied at this time. We will revisit this issue if and when this case is presented to a jury." *Id*. at *10. Most other courts, including in recent decisions, agree.[3] For

---

[3] *See*, *e.g.*, *Middleton-Cross Plains Area Sch. Dist. v. FieldTurf USA, Inc.*, 2016 U.S. Dist. LEXIS 150251, at *9 (W.D. Wis. Oct. 31, 2016) ("Rule 408 is an evidentiary rule that matters at trial, not at the pleading stage."); *BTG Int'l Inc. v. Bioactive Labs.*, 2016 U.S. Dist. LEXIS 83525, at *33 (E.D. Pa. June 28, 2016) ("Rule 408 'is a rule of evidence and does not govern pleadings.'") (citation omitted); *Jordan v. Comcast Cable Communs. Mgmt., LLC*, 2015 U.S. Dist. LEXIS 89326, at *8-9 (N.D. Ga. July 9, 2015) ("Rule 408 is a rule of evidence, not a rule of pleading, and the allegations contained in the Amended Complaint are not evidence…. The matter of the admissibility of the letter may be raised by Defendants later in this litigation.");

- 2 -

that reason alone, the motion to strike should be denied, because it is based solely on Rule 408, which should be addressed only after discovery and only if Plaintiff seeks to introduce evidence of the challenged matters.

**B.     Even if Rule 408 Could be Considered at the Pleading Stage, the Allegations Challenged by Northwestern are Admissible for Purposes other Than to "Prove or Disprove the Validity or Amount of a Disputed Claim," as Required by Rule 408**

Northwestern fails to show that, as a matter of law, the allegations it challenges will not be admissible for reasons that are not barred by Rule 408. As the Seventh Circuit has explained, Rule 408 "forbids admission of evidence only when it is offered to prove 'liability for or invalidity of the claim or its amount.' See Advisory Committee's Note, Fed. R. Evid. 408. The district court has broad discretion to admit evidence for a purpose other than proving liability…." *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682, 689 (7th Cir. 2005). But Northwestern fails to demonstrate that the allegations it challenges cannot, as a matter of law, be admitted for any purpose other than to prove its liability.

---

*Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2015 U.S. Dist. LEXIS 52528, at *9-10 (N.D. Ind. Apr. 22, 2015) ("Rule 408(a) on its face applies to the admissibility of evidence, not allegations…. Hartford Iron may renew its objection under Rule 408(a) if and when Valley Forge attempts to use any settlement materials as evidence."); *Horse Soldier, LLC v. Tharpe*, 2014 U.S. Dist. LEXIS 148436, at *16 (M.D. Pa. Oct. 17, 2014) ("Assuming *arguendo* that Horse Soldier's averments regarding arbitration … fall within the scope of Rule 408, the court declines to apply the rule at this juncture. Such arguments must be resolved at later stages of litigation."); *Pridgeon v. Pegram*, 2014 U.S. Dist. LEXIS 65617, at *9 (W.D.N.C. May 13, 2014) ("disputes over Rule 408 of the Federal Rules of Evidence should be resolved as evidentiary matters with motions in limine rather than prematurely in Rule 12(f) motions"); *Bishops Bay Founders Grp., Inc. v. Bishops Bay Apartments, LLC*, 301 F. Supp. 2d 901, 904 (W.D. Wis. 2003) (denying defendant's motion to strike a letter as an offer of compromise under Rule 408, stating that plaintiff may renew its objection "if and when plaintiff attempts to use the letter as evidence").

> 1. **The allegations in paragraphs 5(d) and 50 through 56 of the Complaint are not offered to prove that Northwestern is liable but instead are offered to show that Northwestern unlawfully offered to pay Johnnie cash to go away and falsely accused him of fraud, as allowed by Rule 408.**

Northwestern seeks to strike paragraphs 50-56 and 60 of the Complaint, which are in a section alleging that Northwestern unlawfully tried to "make Johnnie go away for cash" and falsely "accuse[d] him of fraud in an effort to terminate his athletic scholarship." Complaint, ¶ IV(D), at 16 (initial capital letters changed to small letters). Northwestern also seeks to strike paragraph 5 of the Complaint in its entirety (*see*, *e.g.*, Motion at 2), but it only argues that subparagraph (d), which states that Northwestern "[a]sked about Johnnie's willingness to accept a cash payment to go away," violates Rule 408. *See* Motion at 5. Nothing else alleged in paragraph 5 of the Complaint concerns any kind of settlement discussions.

All of those allegations demonstrate wrongful conduct by Northwestern. Northwestern offered to pay cash to Johnnie to go away (¶ 51), but any offer of cash would be illegal under NCAA rules (not evidence of an antitrust violation) and could have killed Johnnie's eligibility had he accepted (¶ 52). Paragraph 56 alleges that Mike Polisky, Northwestern's Deputy Director of Athletics (External Affairs), falsely told Johnnie that Johnnie's counsel had approved the form of a proposed settlement agreement and urged him to sign that agreement, when in fact "Johnnie's counsel had not approved the agreement."[4] This allegation also would not prove Johnnie's antitrust or state law claims but instead reflects Northwestern's intent to run Johnnie off the team at all costs. And paragraph 60 alleges that Northwestern "accused Johnnie of fraud" by claiming that he "'submitted fraudulent reports to the athletic department.'" In addition to

---

[4] Paragraphs 53 through 55 provide the context for Mr. Polisky's false statement to Johnnie. They are also admissible for other reasons, such as to demonstrate Northwestern's rationale for revoking Johnnie's scholarship, not to "prove or disprove the validity" of Johnnie's claim.

- 4 -

intent, this allegation clearly shows a continuing course of reckless conduct with Northwestern stooping to forgery just to obtain Johnnie's GIA for a new recruit.

In *Zurich*, the Seventh Circuit explained that:

> [e]vidence coming out of settlement negotiations is obviously admissible to show bias or prejudice of a witness. *See* Advisory Committee's Note, Fed. R. Evid. 408. It has also been admitted by courts for additional purposes other than establishing liability, including for purposes of rebuttal, for purposes of impeachment, to show knowledge and intent, to show a continuing course of reckless conduct, and to prove estoppel.

417 F.3d at 689. Similarly, the Notes of Advisory Committee on 2006 amendments to Rule 408 state:

> The amendment retains the language of the original rule that bars compromise evidence only when offered as evidence of the "validity," "invalidity," or "amount" of the disputed claim. The intent is to retain the extensive case law finding Rule 408 inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim. *See*, *e.g.*, *Athey v. Farmers Ins. Exchange*, 234 F.3d 357 (8th Cir. 2000) (evidence of settlement offer by insurer was properly admitted to prove insurer's bad faith); … *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284 (6th Cir. 1997) (threats made in settlement negotiations were admissible; Rule 408 is inapplicable when the claim is based upon a wrong that is committed during the course of settlement negotiations). So for example, Rule 408 is inapplicable if offered to show that a party made fraudulent statements in order to settle a litigation.

Thus, the court in *Uforma/Shelby* explained that "'wrongful acts are not shielded because they took place during compromise negotiations.'" 111 F.3d at 1293 (quoting 23 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5314 (1st ed. 1980)).

Under these standards, the challenged allegations are admissible to show Northwestern's wrongful acts during the course of negotiation, assuming that Rule 408 applies at all. It shows Northwestern's bad faith supporting the imposition of punitive damages on Plaintiff's antitrust

claims as well as demonstrates a willful pattern of conduct by Northwestern.[5] Moreover, offering NCAA student-athletes cash is a surefire way to kill their eligibility under NCAA rules—an act that would clearly destroy Johnnie's right to receive the benefit of the contract. *See Voyles v. Sandia Mortg. Corp.*, 196 Ill. 2d 288, 296 (2001). As the Illinois Supreme Court has held, the contractual covenant of good faith and fair dealing is "implicit in all contracts" and "'ensures that parties do not try to take advantage of each other in a way that could not have been contemplated at the time the contract was drafted or to do anything that will destroy the other party's right to receive the benefit of the contract.'" *Id.* at 296 (quoting *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 525 (1996)). *Accord*, *Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 395 (7th Cir. 2003) ("Every contract contains an implied promise of good faith and fair dealing between the contracting parties.") (citing Illinois cases).

### 2. The allegation in paragraph 42 n.8 was not made as part of a settlement discussion and is not offered to prove liability.

Northwestern also moves to strike paragraph 42 n.8 of the Complaint, which states that "on April 8, 2016, Northwestern's Vice President and General Counsel, Phillip Harris, conveyed that when Northwestern and Johnnie entered into the agreement whereby Johnnie would serve as

---

[5] *See Hamilton v. Water Whole Int'l Corp.*, 302 Fed. App'x 789, 795-96 (10th Cir. 2008) ("The record, including counsel's closing argument, demonstrates the evidence was offered as part of the fraud claims to prove a willful pattern of conduct by Zwanziger. Due to the evidence's relevance to Water Whole's alleged plan to induce employees to continue working without pay and the context in which it was introduced, it is not clear that the evidence was admitted for purposes improper under Rule 408."); *Aamco Transmissions, Inc. v. Trovato*, 2011 U.S. Dist. LEXIS 111943, at *14 (S.D. Cal. Sept. 28, 2011) (denying motion to strike, because the "Complaint alleges that the receipts submitted with the April 22, 2011 letter from Defendants' attorney were 'bogus,' Compl. ¶ 22, ECF No. 1, and this allegation forms part of the basis of the fraud cause of action"); *Bruno v. Sonalysts, Inc*., 2004 U.S. Dist. LEXIS 23848, at *29 (D. Conn. Nov. 23, 2004) ("Courts routinely admit evidence for 'another purpose' where exclusion of the evidence would substantially impair the plaintiff's ability to make a claim for a wrong that was committed in the course of settlement discussions.").

an intern, the school believed that Johnnie would be transferring soon. Had the school not believed that Johnnie would be transferring soon, it would have revoked Johnnie's athletics scholarship at that time." That allegation does not remotely implicate Rule 408, because it was not made as part of a settlement discussion and is admissible. *See*, *e.g.*, *Rodriguez-Garcia v. Municipality of Caguas*, 495 F.3d 1 (1st Cir. 2007) (citing with approval case holding that "letters whose contents offer[] no concessions [do] not meet the definition of 'compromise' and thus [are] outside the scope of [Rule 408]") (citation omitted); *Venegas v. Aerotek, Inc.*, 171 F. Supp. 3d 765, 769 n.3 (N.D. Ill. 2016) ("Because these statements by plaintiff's attorney were made to Aerotek to communicate plaintiff's unwillingness to return to work, rather than in connection with a potential settlement, Rule 408 does not apply.").

C. **Northwestern Does Not Show That it Would be Unduly Prejudiced if This Court Denied the Motion to Strike and Resolved Any Rule 408 Issues if and When Plaintiff Seeks to Admit Any of the Challenged Matters Into Evidence**

Federal Rule of Civil Procedure 12(f) provides that a district court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous material." In *Dunlap v. Sims*, 2015 U.S. Dist. LEXIS 129675, at *7 (N.D. Ill. Sept. 28, 2015), this Court stated that a defendant moving under Rule 12(f) "must show that the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." (Citation and internal quotation marks omitted.) As demonstrated above, Northwestern fails to show that the matters at issue would be inadmissible, as a matter of law, if offered into evidence.

And Northwestern also fails to show that it would be unduly prejudiced if this Court were to deny the motion to strike and decide any Rule 408 issues if and when Plaintiff seeks to introduce any of the challenged material into evidence. Northwestern argues in conclusory terms that it would be prejudiced if this Court denied the motion to strike. *See*, *e.g.*, Motion at 2 ("Plain-

- 7 -

tiff's inclusion of those allegations in his complaint reflect an egregious attempt to prejudice Northwestern in this case"). But Northwestern fails to explain why it would be unduly prejudiced if this Court waited to resolve any Rule 408 issues until Plaintiff seeks to introduce the challenged material into evidence. Plaintiff is not asking this Court at this time to decide that the challenged allegations would be admissible into evidence. Rather, Plaintiff contends that this Court should delay any ruling under Rule 408 until discovery is conducted and Plaintiff seeks to introduce some or all of the challenged material into evidence, as many courts have done. *See* Section II(A) & n.2, above.

### III. CONCLUSION

Northwestern's motion to strike should be denied in its entirety.

Dated: March 27, 2017                    Respectfully submitted,

By: /s/ *Steve W. Berman*
      Steve W. Berman
  HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4960
Facsimile: (708) 628-4950
beth@hbsslaw.com
dank@hbsslaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on March 27, 2017, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: /s/ *Steve W. Berman*

Steve W. Berman